# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-730V
Filed: December 9, 2015
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CATHI HOLDEN, | * |
| | * |
| Petitioner, | * |
| | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Attorneys' fees and costs decision;
reasonable hourly rate; reduction of
fees for review work

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ronald C. Homer, Boston, MA, for petitioner.
Julia W. McInerny, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 25, 2013, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10¬34 (2012) ("Vaccine Act"), alleging that she suffered Guillain-Barré syndrome ("GBS") as a result of her receipt of the influenza ("flu") vaccine on October 7, 2010.   The parties filed a stipulation on damages on July 6, 2015.   The undersigned issued a decision pursuant to the stipulation on the same date, awarding petitioner $545,000 in compensation.

On November 20, 2015, petitioner filed a Motion for Attorneys' Fees and Costs, requesting $23,384.10 in attorneys' fees, $4,383.29 in attorneys' costs, and $353.29 in petitioner's costs.   On December 7, 2015, respondent filed a response to petitioner's motion.   Although respondent

---

[1] Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

raised an objection to the hourly rates requested by petitioner's counsel in this case, she declined in light of the decision in <u>McCulloch v. Secretary of Health and Human Services</u>, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), to litigate that issue further and instead "respectfully defers to the special master's statutory discretion in determining a reasonable fee award for this case." Resp't's Response, at 2.   Petitioner's counsel informed the undersigned's law clerk that he does not intend to file a reply to respondent's response.   The matter is now ripe for adjudication.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).   Counsel must not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."   <u>Saxton v. Sec'y of HHS</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983)).   It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."   <u>Id.</u>   Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.   <u>See Sabella v. Sec'y of HHS</u>, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.   <u>Broekelschen v. Sec'y of HHS</u>, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

For the same reasons given in <u>Tomlinson</u>, the undersigned reduces the amount of fees awarded to petitioner's counsel for the review work done by attorney Ronald Homer.   <u>Tomlinson v. Sec'y of HHS</u>, No. 13-736V, 2015 WL 7068558, *3-4 (Fed. Cl. Spec. Mstr. Oct. 23, 2015). Mr. Homer billed $1,241.00 for his work on this case.   The undersigned has reviewed the billings submitted by petitioner's counsel, and finds that roughly 70% of the time billed by Mr. Homer on this case was for reviewing orders issued by the court.   Therefore, she will reduce 70% of Mr. Homer's time, or $849.80, by 27.5%, the percentage difference between Mr. Homer's hourly rate and the hourly rate of Joseph Pepper, the attorney most closely involved in the case.   **Thus, the undersigned reduces petitioner's fees by $233.70**.

The undersigned finds an award of attorneys' fees and costs appropriate.   In sum, the undersigned awards petitioner the following amount for attorneys' fees and costs:

| | |
|---|---|
| Requested Attorneys' Fees: | $23,384.10 |
| Reductions: | $233.70 |
| Attorneys' Fees Awarded: | **$23,150.40** |
| | |
| Requested Attorneys' Costs: | $4,383.29 |
| Reductions: | $0.00 |
| Attorneys' Costs Awarded: | **$4,383.29** |
| | |
| Requested Petitioner's Costs: | $353.29 |
| Reductions: | $0.00 |
| Petitioner's Costs Awarded: | **$353.29** |

| | |
|---|---|
| Attorneys' Fees & Costs Awarded: | **$27,533.69** |
| Petitioner's Costs Awarded: | **$353.29** |
| | |
| Total Requested Fees & Costs: | $28,120.68 |
| Total Fees & Costs Awarded: | **$27,886.98** |

**Accordingly, the court awards:**

a.  **$27,533.69**, representing attorneys' fees and costs.   The award shall be in the form of a check made payable jointly to petitioner and Conway, Homer & Chin-Caplan in the amount of **$27,533.69**; and

b.  **$353.29**, representing petitioner's costs.   The award shall be in the form of a check made payable to petitioner for **$353.29.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: December 9, 2015                                        /s/ Laura D. Millman
                                                                         Laura D. Millman
                                                                         Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.